

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 19, 1951

Hon. Sam Lee
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. V-1378

Re: Which county has venue in a hot check criminal prosecution when a check is drawn in one county upon a bank in that county and is mailed from that county to a payee located in another county.

You have requested an opinion of this office based in part on the following fact situation:

"'A' would write a check in Galveston County, Texas; the check would be mailed in Galveston County and written on a Galveston County bank. The check would be placed in an envelope and addressed to a person in Brazoria County and the Brazoria County recipient of the check would endorse the same, place it in one of the Brazoria County banks for collection, and upon being returned to the Galveston County bank the check would either be marked insufficient funds or no such account, and the recipient of the check in Brazoria County would present himself to my office to file a hot check complaint after having given due notice."

Your question with regard to these facts is, "Does venue lie in Brazoria County for purposes of criminal prosecution under the hot check law of Texas?"

Section (1) of Article 567b, V.P.C., was amended by House Bill 403, Acts 52nd Legislature, R.S. 1951, ch. 305, p. 496, to read as follows:

"It shall be unlawful for any person to procure any article or thing of value, or to secure possession of any

personal property to which a lien has
attached, or to make payment of any pre-
existing debt or other obligation of what-
soever form or nature, or for any other
purpose to make or draw or utter or de-
liver, with intent to defraud, any check,
draft or order, for the payment of money,
upon any bank, person, firm or corpora-
tion, knowing at the time of such making,
drawing, uttering or delivering, that the
maker, or drawer, has not sufficient funds
in, or on deposit with, such bank, person,
firm or corporation, for the payment of
such check, draft or order, in full, and
all other checks, drafts or orders upon
such funds then outstanding."

Neither the original or amended act has
specific venue provisions. Therefore, venue is con-
trolled by Article 211, V.C.C.P., which states, "If
venue is not specifically stated, the proper county
for the prosecution of offenses is that in which the
offense was committed."

The offenses described in section (1), _supra_,
are the _making_, _drawing_, _uttering_, or _delivering_ with
intent to defraud, any check, draft or order for the
payment of money . . ." In _Jones v. State_, 226 S.W.
2d 437 (Tex. Crim. 1950), which involves a construc-
tion of Article 567b, V.P.C., prior to the amendment
here in question, the court said at page 442:

"The judgment and sentence are re-
formed so as to state the offense as ob-
taining money with intent to defraud by
_drawing_ a check in the amount of $50 or
more without sufficient funds." (Empha-
sis added."

We think this holding is applicable to the present
statute, and that it clearly indicates that the gist
of the offense committed is the "drawing" with intent
to defraud.

In the _Jones_ case, venue was in the county
where the offense charged, _the drawing_, took place. In
the fact situation presented by you venue would lie in
Galveston County if the proof adduced at the trial sup-
ported a _making_ or _drawing_ of the check in Galveston

County coupled with proof of intent to defraud as required by the statute. Similarly, the venue would lie in Brazoria County if the proof adduced at the trial would support an <u>uttering</u> or <u>delivery</u> with the necessary intent in Brazoria County. See <u>Jessup v. State</u>, 68 S.W. 988 (Tex. Crim. 1902). Venue depends upon the offense that is proved where different offenses are committed in different counties, although they are all phases of one transaction.

Your second question is:

"If a person makes payment of child support, as provided in the decree of divorcement, by making, uttering and delivering with intent to defraud a check for the payment of the same, does such a check come within the purview of the hot check law of Texas?"

The portion of Section (1), <u>supra</u>, which reads "or to make payment of any pre-existing debt or other obligation of whatsoever form or nature, or for any other purpose. . ." covers, in our opinion, the giving of a "hot check" for child support payment if the other statutory requisites are present.

## SUMMARY

The "Hot Check Law", Art. 567b, V.P.C., makes no provision as to venue for trial of the offenses defined. Under Article 211, V.C.C.P., the general venue statute, venue lies in the county in which the offense of making, drawing, uttering, or delivering of the "hot check" takes place. If more than one of the defined offenses occurs, and in different counties, as phases of one transaction, venue lies in any one of the counties, provided that the proof adduced was of the offense committed in the given county.

The other statutory requisites being present, the giving of a "hot check" for a

child support payment is made unlawful
by Art. 567b,V.P.C.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
First Assistant

BW,EWT:mh

PRICE DANIEL
Attorney General

Burhell Waldrep

E. Wayne Thode
        Assistants